### BELT *et al.*, Appellants, v. GOODE, Respondent.

1. Where a contract is by parol, it is for the jury to determine as a question of fact the terms used and their meaning, if obscure, or equivocal or susceptible of explanation from extrinsic evidence; the effect of such agreement, when its terms are given and their meaning fixed, is a question of law for the court.
2. Instructions calculated to mislead, by reason of being equivocal or ambiguous, are erroneous.

### *Appeal from St. Louis Circuit Court.*

It is deemed unnecessary to set forth the facts in evidence more fully than they appear in the opinion of the court. The court, of its own motion, gave the following instruction: "If the jury find that the defendant employed plaintiffs in the capacity of real estate agents to sell land for him, and that they effected a sale thereof agreeably to such employment, and that there was no special agreement as to the compensation they in that behalf rendered, then the plaintiffs are entitled to recover a reasonable compensation for such services. But if the jury find that there was a special continuous contract made between plaintiffs and defendant concerning such sale, and that one of the conditions of such contract was that plaintiffs should sell the land for a sufficient price

to reimburse the defendant for the costs and expenses he had incurred concerning the land and to pay them for their services, then, in order for the plaintiffs to recover in this suit, the jury should believe from the evidence that the land sold for a sufficient sum to reimburse defendant for his said costs and expenses and to compensate plaintiffs; and if the sale was made under a contract with such a condition, the jury should find for the defendant, unless they believe that the land sold for a sufficient sum to reimburse defendants and to plaintiffs their compensation; and the burden of proving that plaintiffs have performed the conditions of such a special contract devolves upon the plaintiffs to entitle them to recover."

*H. N. Hart,* for appellants.

I. The court erred in giving the instruction given on its own motion. Neither the contract set up nor the evidence authorized the instruction. The contract set up as well as that proved was evidently for the costs and expenses of the sale. That propounded by the court was one for indemnity for the costs and expenses incurred concerning the property, without regard to time or ownership. (Harrison v. Cachelin, 27 Mo. 26.) The court had no right to comment upon a supposititious contract not in evidence. The legal import of the words used was for the court to expound. (26 Mo. 393, 394; 4 Mo. 106; 8 Mo. 224; 21 Mo. 405; 25 Mo. 335.)

*Cates,* for respondent.

I. The evidence sustained the verdict. The court properly instructed the jury.

NAPTON, Judge, delivered the opinion of the court.

Judge Gaston observed, in the case of Young v. Jeffries, 4 Dev. & Batt. 220, that " where a contract is by parol, the terms of the agreement are of course a matter of fact, and if those terms be obscure or equivocal, or are susceptible of explanation from extrinsic evidence, it is for the jury to find also the meaning of the terms employed; that the effect of a

parol agreement, when its terms are given and their meaning fixed, is as much a question of law as the construction of a written instrument."

The question in this case was purely one of fact. The plaintiffs were employed by the defendant to sell a lot of ground, which he had purchased a short time before, upon a special agreement as to their compensation. The lot had been purchased by the plaintiff for one hundred thousand dollars, but previously to its purchase he had leased it from the owner at a rent of six thousand dollars per annum, and his losses on this lease, during the three years he held it, amounted to a considerable sum, estimated by a witness at thirty thousand dollars. The proceeds of the sale made by the plaintiffs were $122,705. The only question is as to the terms and meaning of the special contract, whether the compensation of the plaintiffs was made conditional on being reimbursed by the proceeds for the cost and expenses incurred both in the purchase and in the lease, or whether the indemnity was to extend only to the cost and expenses incurred in the purchase. If the former was the understanding of the parties, it is clear that the plaintiffs were not entitled to recover; but if the latter, they were. This was a question for the jury.

The objection to the instruction given by the court is, that its language is equivocal. There is an ambiguity in the terms of the instruction, which speak of "the costs and expenses incurred *concerning* the land." This may mean either the cost and expenses incurred in the purchase or in the lease, or in both. It is easy to put the question to the jury in such a way as to leave no doubt as to the subject for their inquiry; and as the jury may have been misled by the instruction alluded to, we shall remand the case for another trial. Judgment reversed.