FLORENCE ISABELLE LEWIS, a minor by HAROLD O. PIENING, Guardian of her person and estate, Appellant, v. JOHN L. ZAGATA, Doing Business as ROLLA STUDENT TAXI COMPANY.—No. 38165.—166 S. W. (2d) 541.

Division One, December 1, 1942.

*Hay & Flanagan* for appellant.

*Breuer & Northern* for respondent.

448

DALTON, C.—Action for $15,000 damages for personal injuries alleged to have been sustained on account of the negligence of defendant taxicab owner, when the taxicab, in which plaintiff was riding as a fare paying passenger, collided head-on with another motor vehicle traveling in the opposite direction upon the highway. The jury returned a verdict for defendant. Plaintiff has appealed and complains of four instructions read to the jury at the request of the defendant.

Plaintiff was employed as a waitress at a hotel in Rolla. On March 10, 1941, she left the hotel about 10 P. M. and went to defendant's taxicab station where she secured a taxi to take her out to Kidd's place on U. S. Highway 66 east of Rolla. Plaintiff testified concerning the trip and circumstances leading to the collision as follows: "I noticed the taxi driver was not altogether on his right side of the road. . . . I know he was going 60, not under, because we were going fast. We came around the curve pretty fast and all at once he saw this car ahead of us. . . . I saw it coming and thought the taxi driver was going to do something, but he didn't do anything, just kept right on, and then just before it got up·on us the taxi driver made a sharp turn right in front of it. He turned to the wrong side of the highway. . . . He didn't get over on his full side where he should have been from the time he entered the main highway. . . . The accident happened right there as we were going around the curve. There is a broad driveway and that leads off from Highway 66. That driveway goes·into the Pennant station. The public coming off of the highway use it to come into the Pennant Tavern. . . . When I first saw the automobile approaching from the opposite direction it was coming down the hill. I would say it was about a block and a half away. The car approaching from the opposite direction was on its own side of the road. . . . I don't know whether Mr. Sherrell, the driver (of the taxicab), attempted to avoid this accident or not. He did, however, swing his car right in front of the other one. . . . He swung over on the left side of the road. He swung his car abruptly to the left when the other car was three or four yards away from him."

Edward Evans, the operator of the other automobile testified that he didn't slacken his speed when he saw the taxicab coming over to his side of the highway, because he thought the taxicab would turn back. He further said that just before the collision he turned his automobile sharply to the right to avoid a collision with the taxicab. He fixed the speed of the taxicab at about 40 miles an hour and that of his own automobile at about 40 or 50 miles an hour. He admitted he had been drinking intoxicants. According to defendant's evidence, Evans was intoxicated.

The taxicab driver testified for defendant as follows: "After I turned on to the highway I proceeded in an easterly direction around 30, not past 40 miles an hour. I was traveling on the right side of the highway. . . . There is a road there that runs down south on the east side of the Pennant Tavern. . . . People generally use that road and driveway in pulling into the tavern when they are traveling toward Rolla from St. James. The other car was traveling about 35 miles an hour. When I first observed this car on my side of the road I slackened my speed. . . . From all appearances he was either turning into the Pennant or was intending

to turn down that road. . . . The car did not slow down from the time I first saw it. When he continued to travel on my side of the road toward me I slackened my speed and waited to see if he was going to turn into that road or get back on his side. . . . I remained on my side of the road and then proceeded cautiously on up the road. I couldn't tell just what he was intending to do. I gave him plenty of time and he didn't go back to his side or go into the driveway either one, and I swerved to the left to miss him. . . . The right front end of the cars collided.. I swerved suddenly to the left and sped up trying to miss him. I was not on the left-hand side of the road at any time up to the time I pulled to the left. . . . When I first noticed him on the wrong side of the highway he was about 150 or 200 feet away. At that time I was going about 40 miles an hour. I then slackened my speed to 15 or 20 miles an hour. . . . During the time I saw this man over on ▇ my side of the highway, it was apparent to me that he was going to make a left turn into this roadway or into the Pennant station. The other man's speed was around 50 miles an hour. He never slowed up. . . . When I was 15 or 20 feet away from this other car I made a sharp turn to the left and he must have turned to the right.''

The only negligence submitted by plaintiff's instructions, as a basis for recovery against defendant, was the negligent operation of defendant's taxicab on the left-hand side of the highway, to wit, ''. . . that the driver of said taxicab negligently suffered and permitted said taxicab to get onto the left-hand side of said highway and that said taxicab collided with the Evans automobile . . . and . . . even though you may find from the evidence that Edward Evans, the operator of the other automobile involved in said collision, was guilty of negligence which concurred or combined with the said negligence, if any, of the defendant.''

▇ Appellant contends that the court erred in giving instructions 6, 7, 8, and 9 requested by defendant.

Instruction 6 is as follows:

''The Court instructs the jury it does not follow that, because there was an accident and someone injured, there can be a recovery by the plaintiff in this case. It must have been an injury caused by some actionable negligence of the defendant's servant.

''You are further instructed that the fact that the defendant owned the taxicab involved in the accident and employed the driver of the same is not sufficient to create liability against the defendant for this injury, because, if there was no negligent act or negligent omission on the part of the driver of defendant's taxicab, the fact of ownership cannot and does not make the defendant liable for damages.''

Appellant says that this instruction is prejudicially erroneous because (1) it does not require the jury to find any facts, but requires them to pass upon questions of law; (2) it gives the jury a roving

commission; (3) it declares abstract propositions of law, is a lecture to the jury and refers to no other instructions; (4) it is a comment on the evidence, assumes that there was no negligence on the part of defendant and so advises the jury; and (5) it leaves the jury to determine what the words "actionable negligence" mean without giving them a guide and without requiring them to find any facts to support the term "actionable negligence." Appellant in argument complains particularly of the use of the words "actionable negligence" and says that the words, "because, if there was no negligent act or negligent omission," imply that defendant was not negligent, and the instruction was equivalent to directing a verdict for defendant. Respondent, in reply, says that instruction 6 was a cautionary instruction and that it has been approved. Respondent cites Gardner v. Turk, 343 Mo. 899, 123 S. W. (2d) 158, 162, and 12 Blashfield, Sec. 7721, p. 83.

Instruction 6 was in the nature of a cautionary instruction and the giving of it was not reversible error. Wolfson v. Cohen (Mo. Sup.), 55 S. W. (2d) 677, 680. "The giving or refusal of cautionary instructions is usually largely within the discretion of the trial court." Gardner v. Turk, supra, (123 S. W. (2d) 158, 161); Fletcher v. Ringo (Mo. Sup.), 164 S. W. (2d) 904, 908. The instruction in effect told the jury that some negligence on the part of defendant's servant was the only basis of defendant's liability. The general term "some actionable negligence" would not be understood to exclude the only basis for recovery submitted by plaintiff's instructions, to wit, negligence in operating an automobile on the left-hand side of the highway. The instruction does not give the jury a roving commission to find against the plaintiff, and was not prejudicial to plaintiff. It is not a main instruction hypothesizing facts or purporting to authorize a verdict. It does not assume or imply that "the court didn't believe there was any evidence of negligence on the part of the defendant," as contended by appellant. The mere fact of plaintiff's injury and that defendant owned the taxicab and employed the driver "was not sufficient to create liability against the defendant for this injury." The court did not err in so advising the jury. See, Dove v. Atchison, T. & S. F. Ry. Co., 349 Mo. 798, 163 S. W. (2d) 548, 552. The instruction does not in effect direct a verdict against plaintiff as appellant contends. We do not think a jury would be misled to plaintiff's prejudice by reason of this instruction. Appellant's contention that this instruction "deprived the plaintiff of a fair and impartial trial" cannot be sustained. The trial court did not abuse its discretion in giving the instruction.

 Instruction 7 is as follows:

"The Court instructs the jury that it is the duty of travelers, whether by auto or otherwise, approaching each other on the highway to turn to the right so as to pass without interference. But the jury

452

are further instructed that a person meeting a car coming from the opposite direction may be justified, under some circumstances, in turning out to the left instead of to the right to avoid a collision.

"And in this connection you are further instructed that if you believe and find from the evidence that at the time and place of the accident mentioned in the evidence defendant's driver was traveling on his right-hand side of the highway, and immediately before the collision saw another motor car approaching on the same side or the left-hand side of the driver of the approaching car, if so, and if you further find and believe that it reasonably appeared to the driver of defendant's taxicab, who was on the proper side of the road, that there would be a collision unless he turned to the left, and, acting upon such appearance, he swerved his car in that direction, and in doing so did what a person exercising the highest degree of care would have done under similar circumstances, then such driver of defendant's taxicab did not violate the law of the road and was not guilty of negligence, and you will find the issues for the defendant."

Appellant contends that this instruction is prejudicially erroreous because (1) it is misleading and contains contradictory charges in that it tells the jury to find that defendant's driver was traveling on his right-hand side of the road and then tells the jury the driver was on his right-hand side of the road, assuming the truth of a controverted issue; (2) it requires no action on the part of defendant's driver immediately before the collision; (3) it ignores the fact that under the evidence the driver should have acted to prevent the collision; and (4) it does not require the jury to find any facts, is a lecture to the jury and states abstract propositions of law.

On the question of contradictory statements in the instruction, appellant cites the following cases: Gardner v. Metropolitan Street Railway, 223 Mo. 389, 417, 122 S. W. 1068; Belt v. Goode, 31 Mo. 128; Hengelsberg v. Cushing (Mo. App.), 51 S. W. (2d) 187, 189; and Williams v. Excavating & Foundation Co., 230 Mo. App. 973, 93 S. W. (2d) 123, 126. These cases are not applicable in view of the wording of instruction No. 7.

Appellant insists that whether "defendant's taxicab was on the wrong side of the road was an important issue in the case"; that "this instruction assumes, as true, facts which are highly contested," and further expressly told the jury that the defendant's driver "was on the proper side of the road." Considered as a whole, the instruction does not assume a controverted fact, but requires an express finding by the jury that "defendant's car was traveling on his right-hand side of the highway" until immediately before the collision. It further requires an express finding of the circumstances under which defendant's driver acted to thereafter reach the left side of the road, before telling the jury that if they found these facts the defendant's driver was not guilty of negligence and they should find for defend-

ant. The subsequent statement of a fact previously submitted and required to be found by an instruction is not error. Koonse v. Mo. Pac. R. Co., 322 Mo. 813, 18 S. W. (2d) 467, 473; Costello v. Kansas City, 280 Mo. 576, 591, 219 S. W. 386; Guthrie v. Wenzlick Real Estate Co. (Mo. App.), 54 S. W. (2d) 801, 805; Scharff v. Standard Tank Car Co., 214 Mo. App. 658, 264 S. W. 56, 59; Nash v. People's Motorbus Co. (Mo. App.), 20 S. W. (2d) 570, 573; Burton v. Phillips (Mo. App.), 7 S. W. (2d) 712, 715. The instruction is not misleading or contradictory.

''The test of the correctness of an instruction is how the instruction will naturally be understood by the average men who compose our juries on whose judgment of the facts the court must act. . . .

''Instructions are not required to be drawn with such technical accuracy as to be free from hypercritical objections but are sufficient if the jury can correctly understand therefrom the rules of law applicable.'' 1 Raymond on Instructions, Sec. 68, page 57. An instruction must be considered as a whole and an individual phrase or clause may not be considered apart from its context. Connole v. East St. Louis & S. Ry. Co., 340 Mo. 690, 102 S. W. (2d) 581, 590; Mendenhall v. Neyer, 347 Mo. 881, 149 S. W. (2d) 366, 371.

Appellant does not dispute the fact that under appropriate circumstances a ▇▇▇ motorist meeting another automobile may turn to the left. See, 2 Blashfield, Sec. 290, p. 64; Stack v. General Baking Co., 283 Mo. 396, 223 S. W. 89, 94; Goehring v. Beltz (Mo. App.), 14 S. W. (2d) 502.

It is immaterial that instruction No. 7 fails to *require* any action on the part of the defendant's driver immediately before the collision or that it ignores the fact that under the evidence the driver might have acted earlier or differently to avoid the collision, if in fact he saw the danger when the other car was 150 to 200 feet away, because the only basis for recovery submitted by plaintiff's instructions was the primary negligence of defendant's driver in operating the taxicab on the left-hand side of the highway. If defendant's driver was not negligent in getting on the left-hand side of the highway plaintiff could not recover. The instruction submits and requires a finding of facts sufficient to authorize a verdict for defendant. It states an applicable rule of law and is not subject to the criticism leveled against it. Considered as a whole, no reversible error was committed in giving of the instruction.

▇▇▇ Instruction 8 is as follows:

''The Court instructs the jury that where one, without fault of his own, is placed in a position of great mental stress, or sudden emergency, the same degree of judgment and care is not required of him as is required of one who is acting under normal conditions. The test to be applied is whether or not the person in such position of great mental stress or sudden emergency did, or attempted to do,

what a very prudent person would have done under the same or similar circumstances. If, therefore, you find from the evidence in this case that the defendant's driver, without fault of his own, was placed in a position of great mental stress or sudden emergency, and that while in such a position he did, or attempted to do, what any very prudent person would have done under the same or similar circumstances, then you will find the issues for the defendant."

Appellant contends that this instruction is prejudicially erroneous because (1) it does not require the jury to find any facts in issue; (2) it states legal conclusions; (3) it gives the jurors a roving commission to find as they please and authorizes them to determine the law on the issue raised; (4) it is without evidentiary support with reference to mental stress and sudden emergency; (5) it ignores the negligence of the driver in getting into the emergency; (6) it attempts to set up as a defense the humanitarian doctrine and does not properly state the law applicable to such theory; and (7) it does not require the jury to find facts to support the term "without fault on his part" or the term "great mental stress or sudden emergency."

We think the instruction is erroneous. It authorizes a verdict for defendant, but gives the jury no guide to determine whether defendant's driver's position was "without fault of his own," and requires no finding concerning his position when the alleged emergency arose. It leaves the jury free to determine the meaning of the words "without fault on his part." The same is true as to the existence of "a position of great mental stress or sudden emergency." The instruction does not require a finding of the facts necessary to make a case of "great mental stress or sudden emergency." Under this instruction, the jury might find that certain facts created "great mental stress or sudden emergency" which the court as a matter of law might hold to be no evidence of either great mental stress or sudden emergency, or which were in fact, as a matter of law, insufficient to make out a case of great mental strain or sudden emergency. The instruction submitted an abstract legal proposition authorizing a verdict and is erroneous in that it left the jury free to decide issues of law. Shields v. Keller 348 Mo. 326, 153 S. W. (2d) 60, 63; Stanich v. Western Union Telegraph Co., 348 Mo. 188, 153 S. W. (2d) 54. The jurors under this instruction were free to determine issues of law on any theory they saw fit to formulate. The instruction further directed a verdict for defendant if, while placed in a position of sudden emergency or great mental stress, as might be determined by the jury, the driver "did or attempted to do, what any very prudent person would have done under the same or similar circumstances." In effect the instruction excludes consideration of plaintiff's evidence that the taxicab was being operated on the left-hand side of the highway and that this negligence produced the emergency. The jury may have thought that the bright lights of the

approaching automobile (referred to by a witness) were sufficient to produce a sudden emergency and, therefore, that defendant's driver "was placed in a position of great mental ▆▆ stress or sudden emergency," even though they may have further believed that defendant's driver was negligently driving on the left-hand side of the highway. That an emergency or sudden peril arose does not excuse if such emergency resulted from defendant's own negligence. Hall v. St. Louis-San Francisco Ry. Co. (Mo. Sup.), 240 S. W. 175, 177; Iman v. Walter Freund Bread Co., 332 Mo. 461, 58 S. W. (2d) 477, 479; Windsor v. McKee (Mo. App.), 22 S. W. (2d) 65, 67. The instruction clearly does not require the jury to find facts to support the term "without fault on his part" or the term "great mental stress or sudden emergency," but nevertheless directs a verdict for defendant. "A jury can only understand how to reach a correct general verdict by being told what facts must be found to reach each possible result under the evidence." Long v. Mild, 347 Mo. 1002, 149 S. W. (2d) 853, 860. The court erred in giving instruction No. 8.

Appellant further contends there was no evidence of a sudden emergency or of great mental stress, because defendant's driver fixed his own speed at not over 40 miles per hour and that of the other automobile at 35, 45, and 50 miles per hour, and said that he saw the Evans automobile 200 to 300 feet away, and slowed down and permitted the Evans car to come in 15 to 20 feet of him before speeding up and swinging to the left, when there was nothing but the Evans automobile to have prevented him from turning into the Pennant station. Appellant insists that all movements of the other automobile were in plain view of the taxicab driver and that as a matter of law he had ample time to think and act, but did nothing. We think the existence of a sudden emergency and great mental stress was a question for the jury under proper instructions. We cannot say as a matter of law that another automobile on its left-hand side of the highway and bearing down upon a taxicab, at the speed and from the distance indicated, would not be a sudden emergency for the driver of a taxicab on its own side of the highway, or that the driver would suffer no great mental stress, even if his taxi was in motion and he was free to turn it in either direction.

▆▆ Instruction 9 is as follows:

"The Court instructs the jury that if you believe and find from the evidence that the injuries complained of by the plaintiff were the result of or caused by the negligent acts of some person other than the driver of defendant's taxicab, and that such driver at the time and place was not guilty of any act of negligence contributing to the injuries, then you will find the issues for the defendant."

Appellant contends that this instruction is prejudicially erroneous because (1) it does not require the jury to find any facts; (2) it is in the nature of a sole cause instruction without requiring facts to

support said issue; (3) it is an abstract declaration of law, a lecture to the jury and a roving commission to declare the law as they see fit; (4) it assumes as true facts that are highly contested, to-wit, that plaintiff's injuries were due to some act on the part of some person other than the taxi driver and does not refer to the person; (5) it does not inform the jury that plaintiff is not chargeable with negligence of a third party or of the defendant; and (6) it tells the jury "that if defendant was not guilty of contributory negligence plaintiff cannot recover when plaintiff under the law is entitled to recover on the sole negligence of defendant or on his combined or concurring negligence."

Instruction No. 9 is very similar in form to an instruction that was considered by this court in the case of Stanich v. Western Union Telegraph Co., supra, (348 Mo. 188, 153 S. W. (2d) 54, 56-58). The instruction there considered read as follows:

"The court instructs the jury that if you believe and find from the evidence in this cause that the accident mentioned in the evidence, and in which plaintiff alleges he was injured, was caused on account of the sole negligence of defendant Nicholas M. Jakovac, and that there was no negligence on the part of The Western Union Telegraph Company causing or contributing to cause said accident, then your verdict must be in favor of defendant The Western Union Telegraph Company."

The court held that this instruction was an abstract instruction giving the jury a roving commission as to the facts necessary to be found by them and permitting them to pass upon questions of law according to any theory they could construct or evolve in their own minds. The court held the instruction to be erroneous and prejudicial, because it permitted the jury to apply the law without any guidance as to specific facts required to be found to reach a correct result. See, also, Long v. Mild, supra, (347 Mo. 1002, 149 S. W. (2d) 853, 860); Shields ■■■ v. Keller, supra, (348 Mo. 326, 153 S. W. (2d) 60, 64); Hopkins v. Highland Dairy Farms Co., 348 Mo. 1158, 159 S. W. (2d) 254, 256. Instruction No. 9 is subject to the same defects. Although authorizing a verdict for defendant, it does not hypothesize the specific negligent act "of some person other than the driver of defendant's taxicab" which was relied upon as the sole cause of the collision, or any other facts in evidence, and so left the jury without a guide or statement of facts necessary to be found as to condition to find for defendant. In view of the recent cases by this court, cited supra, it is unnecessary to discuss the matter further. Instruction No. 9 was clearly prejudicially erroneous.

For the errors noted in giving instructions 8 and 9 the judgment is reversed and the cause remanded. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur except *Hays, J.,* absent.