William P. JONES, Appellant,

v.

Clarence Lee HUGHEY, Respondent.

No. 44792.

Supreme Court of Missouri, Division No. 2.

Nov. 14, 1955.

Benjamin B. Tepper, Irving M. Malnik, St. Louis, for appellant.

Dearing & Richeson, Will B. Dearing, Hillsboro, for respondent.

STOCKARD, Commissioner.

This is an action for $15,000 damages for personal injuries. Judgment on verdict was for defendant from which plaintiff has appealed. The only question for decision is whether instruction 2, given at the request of the defendant, was prejudicially erroneous for the reasons assigned. A detailed statement of the facts is not required. The parties will be referred to as in the trial court.

Plaintiff was riding in an automobile driven by Floyd William Moore in a southerly direction on Highway 67. Defendant was operating an automobile northerly on the same highway. Both automobiles were in their proper lanes. As the two automobiles approached each other, a dog, "all of a sudden" ran from the left in front of defendant's automobile, and in the language of the defendant, "I applied the brake to keep from hitting the dog (however, the dog was hit), and after that I don't know but what the brake stuck or maybe I didn't get off the brake, but anyway I couldn't straighten it out and the back end (of de-fendant's car) went to the left which is the wrong side and then it swerved back and threw the front end in the wrong side and then I hit the car" in which plaintiff was riding.

Plaintiff asserts error by the trial court in giving at the request of defendant instruction 2 as follows: "The court further instructs the jury that if you find and believe from the evidence in this case that on the 20th day of December, 1952, the defendant Clarence Lee Hughey was driving and operating his automobile northwardly over U. S. Highway No. 61–67 in Madison County, Missouri, and was at all times referred to in the evidence exercising the highest degree of care in the operation of said automobile, and if you find and believe from the evidence that when said automobile being operated by defendant reached a point on said Highway approximately 3.6 miles north of the intersection of Highways 61 and 67, that a dog started to run across the said Highway from the west to the east side thereof and directly in front of and in close proximity to the automobile being driven by the defendant, Clarence Lee Hughey, if you find the facts so to be, and if you further find and believe from the evidence that when said dog started to cross said Highway the defendant, Clarence Lee Hughey, applied his brakes in order to avoid striking said dog, if you so find the facts to be, and if you find and believe from the evidence that the automobile being driven by the defendant Hughey did strike said dog and that as a result thereof or as the result of the application of his brakes, the defendant Hughey lost control of his automobile, and if you find that after the defendant Hughey lost control of his automobile, the same was caused to collide with the automobile being driven by Floyd William Moore, if you so find, and that the defendant Hughey did not drive his automobile on the left or west side of the highway as the result of negligence on his part as submitted to you in Instruction No. 1 then you are instructed that the plaintiff herein is not entitled to recover from the defendant Clarence Lee Hughey, and as to plaintiff's cause of action your verdict will be in favor

of the defendant, Clarence Lee Hughey and against plaintiff."

This instruction is claimed to be prejudicially erroneous because it submits an emergency situation but does not require a finding to preclude the possibility that defendant's negligence caused or contributed to the emergency situation, and because it is inconsistent and in conflict with instruction number 1, the verdict-directing instruction requested by plaintiff.

The factual situation of this case would undoubtedly justify the jury in finding that defendant was faced with an emergency when the dog, which was two and one-half feet in height, ran suddenly onto the highway in front of his car. Instruction 2 authorizes the jury to find that defendant lost control of his automobile by reason of his automobile striking the dog or by reason of the application of the brakes by defendant. In the event the cause of losing control of the automobile was found to be the latter, it is difficult to see how defendant could be exonerated of negligence under the circumstances in this case except that the application of the brakes with such sudden force, or the continued application of the brakes for such period of time, to cause the car to go out of control or to remain out of control until the collision occurred was by reason of being confronted by a sudden emergency.

The emergency doctrine is not a defense and a defendant is not automatically exonerated because an emergency existed. The doctrine is a principle of law which means the fact that action was taken in an emergency is a factor that may be considered in determining the reasonableness of the action. Rohde v. St. Louis Public Service Co., Mo.Sup., 249 S.W.2d 417. But the emergency doctrine has no application and may not be asserted if the emergency arises wholly or partially from the negligence of the one who seeks to invoke the doctrine. Restatement, Torts, Vol. II, § 296; Teague v. Plaza Express Co., 354 Mo. 582, 190 S.W.2d 254; Rohde v. St. Louis Public Service Co., supra.

Instruction 2 hypothesized facts from which the jury, in determining if the defendant was negligent either in hitting the dog or in the manner and time of the application of the brakes could properly consider that the action of defendant was taken in an emergency situation. It is not necessary that any particular language be used to submit the emergency doctrine in an instruction. Filkins v. Snavely, 359 Mo. 356, 221 S.W.2d 736; Boatright v. Bruening, 363 Mo. 494, 251 S.W.2d 709. Therefore, if the defendant submits an instruction which either expressly (as in the Boatright case) or indirectly (as in this case by hypothesizing facts which if found by the jury would constitute an emergency) tells the jury that in determining whether he was negligent in doing what he did it may consider that the action was taken in an emergency, the instruction must be worded so as to require the jury to find that the emergency was not caused by his own tortious conduct. Teague v. Plaza Express Co., supra; Browne v. Heeter, Mo. Sup., 267 S.W.2d 666; 33 A.L.R.2d 791; Rohde v. St. Louis Public Service Co., supra. However, if the facts of the case exclude any reasonable inference of negligence on the part of defendant in creating the emergency, it is not prejudicial error for the instruction not to require a finding to that effect. Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 246 S.W.2d 749; Boatright v. Bruening, supra.

Instruction 2 is more nearly a combination of an emergency and a sole cause instruction in which the jury was told, in effect, that if it found that the collision resulted from the fact that defendant lost control of his automobile by reason of striking the dog (the intervening sole cause), or by reason of the application by defendant of the brakes of his automobile in an effort to avoid striking the dog (the act done in the emergency), then it should find for defendant if it also found that at all times referred to in the evidence defendant was exercising the highest degree of care in the operation of his automobile.

■ We cannot concur that instruction 2 does not require a finding by the jury that defendant's negligence did not cause or contribute to the emergency situation. It is axiomatic that a person exercising the highest degree of care cannot at the same time be negligent. Instruction 2 specifically requires that before the jury could find for defendant it had to find that defendant "was at all times referred to in the evidence exercising the highest degree of care in the operation of (his) automobile." The circumstances of defendant's operation of his car previous to the appearance of the dog are fully set forth in the evidence as well as the circumstances from and after the appearance of the dog to the time of the collision. The "freedom [of the defendant] from any negligence in bringing about the emergency may be hypothesized generally", Rohde v. St. Louis Public Service Co., supra [249 S.W.2d 421], and any negligence by the defendant that could have caused or contributed to what appellant contends is the emergency situation would necessarily have occurred during that period which the jury was specifically instructed that it must find defendant was in the exercise of the highest degree of care, and therefore not negligent.

■ Plaintiff cites and relies primarily on Lewis v. Zagata, 350 Mo. 446, 166 S.W. 2d 541; Teague v. Plaza Express Co., supra; Rohde v. St. Louis Public Service Co., supra; McDonnell v. St. Louis Public Service Co., Mo.Sup., 249 S.W.2d 412; Grace v. St. Louis Public Service Co., Mo. Sup., 249 S.W.2d 409, and Browne v. Heeter, supra. These cases all support the basic principle that an emergency instruction should hypothesize the conduct of defendant prior to his coming into the position where the hypothesized emergency arose in order that it may be found that the emergency was not caused by his own tortious conduct. However, these cases do not control the situation here because instruction 2 did require the jury to find that the defendant was not negligent in creating the emergency.

Plaintiff's second objection to instruction 2 is that it conflicts with instruction 1, the verdict-directing instruction given at the request of plaintiff.

■ Instruction 1 hypothesized a finding that plaintiff was a passenger in Moore's automobile and that as defendant's automobile approached from the opposite direction, it was traveling on the west or left-hand side of the highway, and that defendant then and there failed and omitted to turn his automobile to the right of the center of the highway so as to pass Moore's automobile without interference after defendant saw, or by the exercise of due care, could have seen it in time to have turned and passed without interference. However, the evidence does not support the submission of negligence in this instruction. The evidence shows, without contradiction, that defendant's automobile was proceeding northward in the right-hand or proper lane, and that it was not until after the automobile had gone out of control either by reason of having struck the dog or by reason of the application of the brakes by defendant in an effort to avoid striking the dog, or both, that it then veered or skidded sideways to the left and across the center line of the highway five or six paces from the point of collision.

■ Plaintiff contends that instruction 2 conflicts with instruction 1 in that after hypothesizing facts and instructing on defendant's theory of the case, it provides that if the jury finds the facts as hypothesized, and if it further finds that defendant "did not drive his automobile on the left or west side of the highway as the result of negligence on his part as submitted to you in instruction No. 1," it should find for the defendant. However, when a defendant in his verdict-directing instruction attempts to negative the negligence charged against him in the plaintiff's verdict-directing instruction, and does effectively negative the only negligence charged in the plaintiff's instruction upon which the plaintiff might have made a submissible case under the evidence, plaintiff is in no position to complain that the language of defendant's instruction is in conflict with that part of his

instruction which is not supported by the evidence.

 It is, generally speaking, erroneous for a court to give conflicting instructions, and the cases cited by plaintiff do so hold. West v. St. Louis Public Service Co., Mo.Sup., 236 S.W.2d 308; Mueller v. Schien, 352 Mo. 180, 176 S.W.2d 449; Reece v. Jefferson Transp. Co., Mo.App., 160 S.W.2d 789. However, the fact that there is a conflict does not necessarily mean that it is the instruction of defendant which is erroneous. It may be plaintiff's instruction. In order to authorize the action requested by plaintiff, it must appear that the part of instruction 1 in conflict with instruction 2 is correct, and that the corresponding part of instruction 2 is incorrect. But that is the reverse of the situation we have here. The general principle applicable is that correct instructions do not become erroneous because in conflict with incorrect instructions given for the opposite party. Yontz v. Shernaman, Mo.App., 94 S.W.2d 917; Williams v. Excavating & Foundation Co., 230 Mo.App. 973, 93 S.W.2d 123; Cleveland v. Laclede-Christy Clay Products Co., Mo.App., 113 S.W.2d 1065.

Instruction 2 is not a model instruction. It could easily have been drawn to avoid the perplexing questions here presented. However, when read with the other instructions we do not consider it to be confusing or misleading, and it was not prejudiciously erroneous in the respects charged.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.