Jackie THALLER (Plaintiff), Appellant,

v.

SKINNER AND KENNEDY COMPANY, a corporation (Defendant), Respondent.

No. 30424.

St. Louis Court of Appeals.

Missouri.

Oct. 18, 1960.

Motion for Rehearing or for Transfer to Supreme Court Denied Nov. 18, 1960.

See also 315 S.W.2d 124.

Marvin G. Marshall, William L. Mason, Jr., St. Louis, for appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, Byron G. Carpenter, Parks. G. Carpenter, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is an action for damages arising out of personal injuries alleged to have been sustained by reason of a collision between defendant's truck and plaintiff's automobile. There was a verdict and judgment for the plaintiff in the sum of $2,500. The court sustained the defendant's motion for a new trial, and the plaintiff has appealed.

Mrs. Jackie Thaller, the plaintiff, was driving a Pontiac automobile in an eastwardly direction on Market Street, in the City of St. Louis, on December 8, 1954. It was shortly after 4:00 p.m. A misting rain was starting to fall, and it was beginning to

get dark. Mrs. Thaller had entered Market Street at Fifteenth Street and turned to travel eastwardly in the lane north of the curb lane, but as she approached Twelfth Street she turned into the south, or curb, lane. She stated at one point in her testimony that she made the change to the curb lane at about Thirteenth Street, or just below Thirteenth Street. She stated at another time that she changed lanes closer to Twelfth Street than Thirteenth Street. Her speed was estimated by her at 20 miles per hour at the time she turned into the curb lane. She said that the traffic light had just turned to amber as she switched lanes, so she brought her car to a stop. She stated that she was stopped for from fifty seconds to a minute. She saw in her rear vision mirror the truck of the Skinner and Kennedy Company approaching from behind her. It looked like it was in the lane to the left of her car, and it was sliding. The truck came on, striking the left rear fender of her car. She admitted that she had testified at a previous trial of this case that "she cut into the curb lane 30 or 35 feet from the corner".

The driver of the truck testified for the defendant and stated he was traveling eastwardly toward Twelfth Street at a speed of about 15 to 17 miles per hour. As the light at Twelfth Street changed to amber he put his foot on the brake, preparing to stop. The plaintiff, who had been traveling in the lane to the north of the curb lane, was two truck-lengths ahead of him. Without signalling her intention of so doing, she cut into the curb lane and stopped. He applied his brakes, but the truck slid crosswise into collision with the left rear fender of plaintiff's car.

The plaintiff claimed that the collision caused a "whip-lash" injury to her neck, but this evidence is not relevant to a disposition of the point raised, and it will consequently be omitted.

As stated, there was a verdict and judgment for the plaintiff in the sum of $2,500, but the court sustained a motion for a new trial on the ground that it had erroneously given a verdict-directing instruction designated as Instruction No. 1 offered by the plaintiff. The instruction is as follows:

"The Court instructs the jury that if you find and believe from the evidence that on the occasion shown to you in evidence the plaintiff was driving an automobile eastwardly on Market Street, in the block west of Twelfth Street; that the defendant's truck was being then and there driven also eastwardly on Market Street in said block; that plaintiff then and there caused her automobile to move into the lane for traffic nearest to and north of the south curb of Market Street in the manner and at the time and place shown to you in the evidence; that plaintiff then and there brought her automobile to a stop in the manner and at the time and place shown to you in the evidence; that the driver of defendant's truck failed to exercise the highest degree of care to keep a look out ahead of said truck and laterally as the same approached the intersection of Twelfth Street; that the driver of defendant's truck was thereby negligent; that such negligence directly caused the collision shown to you in the evidence; that plaintiff sustained injury to her person as the direct result of said collision; that at all times shown to you in the evidence plaintiff exercised the highest degree of care in operating her automobile; then your verdict should be for the plaintiff, Jackie Thaller, and against the defendant, Skinner and Kennedy Company, a corporation."

The sole point raised is that the court erred in holding the quoted instruction erroneous.

This case has a rather long history. After its first trial an appeal was taken to this court, and we held that the plaintiff failed to make a case for the jury. We reached this conclusion because we were of the opinion that the evidence of the plaintiff

was insufficient to prove that any negligence of the truck driver was the proximate cause of the collision. Thaller v. Skinner and Kennedy Company, Mo.App., 307 S.W.2d 734. The case was transferred to the Supreme Court, and it was there held that the plaintiff made a submissible case but that the verdict-directing instruction was erroneous, "on the basis of the facts stated" and because it "failed to require the exercise of the highest degree of care on her part". Thaller v. Skinner and Kennedy Company, Mo.Sup., 315 S.W.2d 124, 130.

It will be seen that the instruction now under consideration requires a finding that the plaintiff exercised the highest degree of care, but the point in question goes to the failure of the instruction to hypothesize the facts. The issue is whether or not any facts are hypothesized by the phrase "in the manner and at the time and place shown you in the evidence".

■ The function of instructions is not complex. The jury is the arm of the court which determines the facts, and the instructions should inform them of the law applicable to the facts determined by it. Lloyd v. Alton R. Co., 348 Mo. 1222, 159 S.W.2d 267.

"A jury can only understand how to reach a correct general verdict by being told what facts must be found to reach each possible result under the evidence." Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541, loc. cit. 547.

There is no doubt that there were two very conflicting versions of what caused the truck to strike plaintiff's automobile. Under the truck driver's version the plaintiff turned her car in front of his truck, without signalling her intention to do so, and brought it to a stop, all in such close proximity to the truck that its driver could not avoid the collision. If this were found by the jury to be true, then the defendant was clearly entitled to a verdict. This instruction allowed the plaintiff to recover

even under defendant's version of the evidence, because his version was certainly a description of the "manner" in which the accident took place, just as the plaintiff's evidence was a different description of the "manner" in which the collision took place.

■ In Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496, loc. cit. 500, the Supreme Court stated:

"Where the evidence presents two or more divergent sets of essential facts, under one or more of which plaintiff would be entitled to recover and under one or more of which he would not, then a verdict-directing instruction or instructions given in his behalf should hypothesize, either by recital or by reference to other instructions, the facts essential in law to support the verdict."

■ The appellant contends that the instruction is not erroneous because the defendant did not offer clarifying or amplifying instructions. The rule requiring a party to offer an amplifying instruction, when that party deems hypothesized facts in another instruction insufficient, has no application where there is a total lack of hypothesis in the instruction against which the complaint is leveled. Gaffner v. Alexander, Mo.Sup., 331 S.W.2d 622. The defendant in this case offered and the court gave a properly hypothesized instruction on contributory negligence, but Instruction No. 1, permitting a verdict for the plaintiff if the collision occurred in the manner described in the evidence, was in conflict with that instruction. Thaller v. Skinner & Kennedy Company, Mo.Sup., 315 S.W.2d 124, loc. cit. 131.

We fully discussed the points here in question in the recent case of Feldman v. Lewis, Mo.App., 338 S.W.2d 364. The erroneous instruction in that case used the phrase "under such circumstances and conditions as shown in the evidence". The similarity in the phrase there used and the one used here is apparent. Any further dis-

cussion of this point would be but repetitious of what we stated in that case.

The trial court properly ordered a new trial upon the ground that the instruction was erroneous. Its judgment is affirmed and the cause remanded.

ANDERSON and RUDDY, JJ., concur.