Vasil T. GEORGE and Evelyn Bradley George, Respondents,

v.

Robert E. WHEELER, Appellant.

No. 24420.

Kansas City Court of Appeals.

Missouri.

June 6, 1966.

Jerome W. Seigfreid, Edwards, Seigfreid & Runge, Mexico, for appellant.

Falzone & Falzone, Moberly, for respondents.

MAUGHMER, Commissioner.

We have here a suit for damages which arose from a collision of two automobiles. The plaintiffs, Vasil T. and Evelyn Bradley George, were the owners of a 1959 Rambler Station Wagon. Carl Wheeler, as to whom plaintiffs have dismissed, but who was one of the original defendants, was the owner of a 1960 Pontiac Sedan. At about 9:00 p. m. on September 16, 1960, Mrs. George, with her two small children, was driving the Rambler south on Williams Street and just south of its intersection with Grant Street in the City of Moberly, Missouri, when she attempted to turn left into a "mobile home park", where she and her family lived in a trailer house. At the same time and place the defendant Robert Wheeler, accompanied by his boyhood friend, John Ehler, was driving the Pontiac south on Williams Street and closely behind Mrs. George. Mrs. George was in the process of turning left into the trailer park and defendant was in the process of passing the Rambler on the left when the two vehicles collided.

The plaintiffs filed this suit alleging personal injuries to Mrs. George and property damage to their automobile in the gross sum of $5,000. There was no breakup as to the amount attributable to either personal injuries or property damage. Plaintiffs specified six charges of negligence in their petition. These charges were: "High and dangerous speed under the circumstances", "speed in excess of 25 miles per hour (city ordinance speed limit)", "failure to keep a lookout", "attempting to pass when plaintiff was in the act of turning left and in so doing traveled on the wrong side of the street", and "failure to stop or slow down when he saw plaintiff making or about to make a turn to the left". Defendant denied generally and alleged plaintiff was guilty of contributory negligence in that she (a) failed to exercise the highest degree of care; (b) drove so slowly as to impede traffic; (c) failed to keep a proper lookout (d) carelessly and negligently made a left turn into defendant's vehicle without signaling her intention so to do and (e) carelessly and negligently caused her vehicle to collide with defendant's vehicle.

At the time of the accident the weather was clear and dry. Williams Street was paved with brick. Defendant had been following plaintiff's car for at least three blocks. He had seen her car and she had seen his for a few blocks. There was testimony that plaintiff's speed was from 10 to 25 miles per hour and defendant was traveling faster. One witness, Rosie Pitney, estimated his speed as high as 60 miles per hour. A police officer found 111 feet of tire brake marks left by defendant's car. In any event, Wheeler "closed the gap" between the vehicles and attempted to pass. He said his automobile "overlapped" hers about half way when she pulled left into the

collision. He said he blinked his lights before starting to pass. Mrs. George testified that she "put on my signal and my brakes and pulled over to make my left turn" and that "the hood or a portion of the hood" was in the driveway when the collision occurred. Her vehicle finally struck a tree on the east side of Williams Street. We have recounted the evidence, not as fully as is usual, but sufficiently to show that there were factual disputes as to speed, location of the vehicles when defendant started to pass and when plaintiff started to turn left, and what signals, if any, were given by either party. In other words, the jury heard evidence from which it might be inferred that plaintiff was negligent, that defendant was negligent, or that both were negligent.

The case was submitted and resulted in a nine member verdict for defendant "on plaintiffs' claim for personal injuries and property damage". Thereafter the trial court sustained plaintiffs' motion for new trial on the ground that:

"The Court finds Instruction No. 6, specified in paragraph 2 of plaintiffs' Motion for New Trial, to be erroneous for the reason that in defining right of way, the instruction did not supply the qualifying clause 'provided a very careful person would so proceed under the same or similar circumstances' inasmuch as there was evidence that defendant failed to use such care".

Defendant has appealed and asserts that Instruction No. 6 need not carry the qualifying clause because it was given only in connection with the submission of contributory negligence and that to require defendant to be in the exercise of the highest degree of care before contributory negligence could apply to plaintiff would in effect destroy such defense because "contributory negligence implies or presupposes negligence on the part of the defendant". 38 Am.Jur., Negligence, Section 177.

It is universally understood, we believe, that the defense of contributory negligence presupposes negligence on the part of the defendant and an instruction submitting such defense need not negate generally, negligence on the part of defendant. In fact such instructions usually contain the phrase "whether or not defendant was negligent" or "even though defendant was negligent". This court in Rader v. David, 207 S.W.2d 519, 523, defined it this way:

"Contributory negligence is a want of due care on the part of a plaintiff claiming to have been damaged by the actionable negligence of another, combining and concurring with that negligence, and contributing to the damage as a proximate cause thereof, without which such damage would not have occurred".

The court then commented:

"Any contributory negligence which is a proximate cause of an injury is sufficient to defeat a recovery, though the co-operating negligence of defendant was negligence per se such as the violation of an ordinance or statute".

In the case before us it is apparent and all parties agree that Instruction No. 5 is the only direct instruction on contributory negligence which was given. Instruction No. 6 defines "right of way". Failure to yield right of way is one of the contributory negligence possibilities submitted by Instruction No. 5. Instruction No. 6 must also be considered as modifying or explaining Instruction No. 5. We set out both instructions in toto:

*"INSTRUCTION NO. 5, M.A.I. 28.01 modified*

"Your verdict must be for the defendant, whether or not defendant was negligent, if you believe:

"First, plaintiff either
  failed to keep a careful lookout, or
  failed to signal her intention to make a left turn, or

made a left turn when it could not be made with reasonable safety, or

drove her vehicle into collision with defendant's vehicle, or

failed to yield the right of way; and

"Second, plaintiffs' conduct, in any one or more of the respects submitted in paragraph First, was negligent; and

"Third, such negligence of plaintiffs directly caused or directly contributed to cause any damage plaintiffs may have sustained".

*"INSTRUCTION No. 6, M.A.I. No. 14.07 modified*

"The phrase 'right of way', as used in these instructions, means the right of one vehicle to proceed ahead of the other.

"When the driver of a vehicle intends to make a left turn into a driveway and another vehicle is overtaking and passing and is so close that the turn would create a traffic hazard, the overtaking vehicle has the right to proceed past the turning vehicle".

We quote in part from Chapter 304, Traffic Regulations, V.A.M.S. Section 304.019:

"No person shall stop or suddenly decrease the speed of or turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate signal * * *".

Section 304.021, subsections 3 and 6:

"3. The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

"6. The driver of a vehicle intending to make a left turn into an alley, private road or driveway shall yield the right of way to any vehicle approaching from the opposite direction when the making of such left turn would create a traffic hazard".

Section 304.016, subparagraph 1(3):

"(3) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle".

We find no statute specifically covering the respective procedures to be followed when an overtaking and left side passing vehicle attempts to go around a left turning automobile.

However, a left turning vehicle is directed by these statutes (1) when in an intersection, to yield the right of way to a vehicle approaching from the opposite direction "which is within the intersection or so close thereto as to constitute an immediate hazard"; (2) when turning into a driveway to yield to a vehicle from the opposite direction if "the making of such left turn would create a traffic hazard" and (3) when overtaken on the highway to "give way to the right" in favor of overtaking vehicle. A left turning automobile driver might almost be said to have only secondary rights. But every operator of a vehicle in Missouri must do so with the highest degree of care else be guilty of negligence.

Not all technical or actual violations of the rules of the road give rise to absolute liability or even always constitute negligence. In Lincoln v. Railway Express Agency, Inc. et al., 359 S.W.2d 759, 765, the Supreme Court said this:

"It has been frequently stated that traffic regulations are not unyielding and inflexible and are not to be applied rigidly, absolutely and peremptorily without regard to circumstances or conditions, Wines v. Goodyear Tire & Rubber Co.,

Mo.App., 246 S.W.2d 525, MacArthur v. Gendron, Mo.App., 312 S.W.2d 146, and that the duties thereby imposed may be qualified by circumstances, Nelms v. Bright, Mo.Sup., 299 S.W.2d 483, such as considerations of safety, Lix v. Gastian, Mo.App., 287 S.W.2d 354, emergency conditions, Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541, Filkins v. Snavely, 359 Mo. 356, 221 S.W.2d 736, or impossibility. Politte v. Miller, supra [Mo.App., 301 S. W.2d 839]. In such usual circumstances deviation from the statutory standard will not be considered as negligence per se".

■ This court in Anthony v. Jennings, 368 S.W.2d 533, 538, made the following comment:

"Failure to yield as directed by Section 304.021(3), supra, does not in every instance amount per se to negligence or failure to exercise the highest degree of care, so as to tax such an operator with responsibility for every resultant accident. Each case depends upon its own facts. The evidence may in some cases require a directed verdict. In others, it is a question for the jury. It is best if an instruction hypothesizes the pertinent facts where such facts are in evidence. At the least it must permit and require the jury to decide if the actions complained of amounted to negligence and failure to exercise the highest degree of care. To instruct a jury that if the motorist turns left and is struck by an oncoming car, then he is negligent and liable is, in effect, directing a verdict".

Appellant cites Reed v. Shelly, Mo.App., 378 S.W.2d 291. In that case the parties were transposed—the overtaking vehicle carried the plaintiff and the left-turning automobile was being driven by the defendant. At page 296, the court said:

"We believe the defendant's argument applies the rules of the road to this situation in too positive and dogmatic a vein. These rules do not confer absolute rights, but rather impose reciprocal obligations which are qualified by the circumstances".

And on page 297:

"Section 304.019 does not, in our view, prohibit a left turn unless the circumstances are absolutely free from danger, nor does it require the maintenance of a continuous observation to the rear prior to or during the making of a left turn".

Instruction No. 5 offered by defendant as M.A.I. 28.01 modified, is clearly an instruction submitting contributory negligence. Therein five separate acts of plaintiff are presented to the jury as constituting contributory negligence on plaintiff's part and authorizing a verdict for defendant under that defense if the jury concludes that plaintiff did any one of them. These five separate acts are: (1) "Failure to keep a careful lookout", or (2) "failure to signal her intention to make a left turn", or (3) "made a left turn when it could not be made with reasonable safety", or (4) "drove her vehicle into collision with defendant's vehicle", or (5) "failed to yield the right of way". A finding that plaintiff did any one of these and that such doing or failure to do was negligence and caused or contributed to cause her injury was sufficient to preclude a verdict for her—so the jury was told.

■ No action by an automobile operator, affirmative or negative, can constitute negligence or amount to contributory negligence unless the law casts a duty upon such operator to so perform, and unless there is evidence of a violation of that duty. Here the jury was told that if the plaintiff failed to perform any one of these five acts, the jury could find her guilty of contributory negligence. The law, of course, requires every operator of a motor vehicle to keep a careful lookout *at all times and under all circumstances*. Failure to do so amounts to negligence. It is mandatory too—not just in some, but in all instances—to signal for a left turn. Failure

to do so amounts to negligence. We pass without discussion charges 3 and 4, that plaintiff turned left when it could not be done with reasonable safety and that she drove her vehicle into collision with defendant's vehicle. We pass 3 and 4 without discussion primarily because neither party raises any point thereunder. That leaves act number 5, as set forth in Instruction No. 5, that plaintiff "failed to yield the right of way", and was thereby negligent. Defendant followed Instruction No. 5 with Instruction No. 6, which told the jury just what was meant by the phrase "right of way" as used in the instructions. Therein the jury was told that:

"When the driver of a vehicle intends to make a left turn into a driveway and another vehicle is overtaking and passing and is so close that the turn *would create a traffic hazard,* the overtaking vehicle has the right to proceed past the turning vehicle". (Italics added.)

■ Speaking generally those acts of carelessness which under the same circumstances would amount to general negligence if done by the defendant will constitute contributory negligence if done by plaintiff.

Respondents contend that the giving of Instruction No. 6 constituted error because the instruction did not contain additionally the clause "provided a very careful person would so proceed under the same or similar circumstances". The trial court agreed and awarded a new trial for that reason. The two instructions, as given, told the jury that it could find plaintiff contributorily negligent if she turned left when defendant was "overtaking and passing" and was "so close that the turn would create a traffic hazard".

We believe that if these parties were transposed and plaintiff (as a defendant) operated her vehicle as posed by the instructions, she could be found to have been negligent. If such conduct were by defendant, it would be direct negligence and if by plaintiff, it would be contributory negligence.

We are told in the footnote to M.A.I. Instruction 17.08 on failure to yield right of way that when such failure is submitted under contributory negligence "the appropriate right of way definition must be used". The definition of right of way for a "vehicle making left turn into alley or driveway" is M.A.I. 14.07 and it adds the clause applicable here to defendant—the approaching vehicle—"provided a very careful person would so proceed under the same or similar circumstances". Footnote 2, under M.A.I. 14.07, referring to this specific clause says: "This clause must be added where there is evidence that the party entitled to the right of way failed to use such care". The trial court applied the M.A.I. suggestion and awarded plaintiffs a new trial because the clause was not added. We are unable to agree.

We are fully aware of Civil Rule 70.01 (b) and (c), V.A.M.R. which we set forth:

"(b) Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject.

"(c) The giving of an instruction in violation of the provisions of this rule shall constitute error, its prejudicial effect to be judicially determined".

Instances will undoubtedly arise where the M.A.I. instruction is not given but the court will rule the defect to be nonprejudicial. This is not such a case. If plaintiffs were entitled to have the disputed clause included in Instruction No. 6, the failure to do so would clearly be prejudicial. In the case before us we believe that Instructions 5 and 6 properly present the applicable law and are not in error.

In this case there was evidence that defendant was negligent. We do not believe it was necessary for defendant to (1) have been free from negligence or (2) have acted only as a "very careful person" in attempting to pass plaintiff, in order to be entitled to have plaintiff's possible negligence in turning left submitted to the jury under a contributory negligence instruction.

If defendant must have been entirely free from negligence or have acted only "as a very careful and prudent person" in attempting to pass plaintiff, he would not need to invoke the defense of contributory negligence. Such defense is for use in those cases where defendant has been negligent—has not exercised the proper degree of care—but the accident was contributed to by negligence of plaintiff. Creech v. Blackwell, Mo.Sup., 298 S.W.2d 394. We believe the issue of contributory negligence was for the jury. In our opinion Instructions Nos. 5 and 6 correctly submitted that issue. We hold further that neither Instruction 5 nor Instruction 6 is reversibly erroneous because Instruction 6 did not contain the clause "provided a very careful person would so proceed under the same or similar circumstances". It follows, therefore, that it was error to award plaintiffs a new trial.

The order granting plaintiffs a new trial is reversed and the cause is remanded with directions to reinstate the judgment for defendant.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion by MAUGHMER, C., is adopted as the opinion of the Court.

HOWARD and BLAIR, JJ., concur.

CROSS, P. J., not participating.