**Leonard F. BARTLETT, Appellant,**

v.

**Naomi K. CAIN, Respondent.**

**No. 23685.**

Kansas City Court of Appeals.
Missouri.

April 1, 1963.

Donald L. Randolph, Kansas City, for appellant.

William H. Sanders, Dean F. Arnold, Walter F. Moudy, Kansas City, Caldwell, Blackwell, Sanders & Matheny, Kansas City, of counsel, for respondent.

MAUGHMER, Commissioner.

Plaintiff sued defendant for damages allegedly arising from personal injuries in an intersection automobile collision.

The accident occurred on the morning of November 1, 1960, in the intersection of Truman Road and Hardesty Street, Kansas City, Missouri. The weather was clear. Both streets were paved. Truman Road is 60 feet wide, runs east and west, with three traffic lanes ten feet wide going each direction. Hardesty Street at the intersection is 36 feet in width. Traffic was controlled by Stop and Go lights. Plaintiff, Leonard F. Bartlett, was driving his 1953 Pontiac west on Truman Road. Defendant, Naomi K. Cain, driving her 1948 Chevrolet,

approached the intersection from the west. It was plaintiff's intention to continue west on Truman Road. Defendant planned to turn left and proceed north on Hardesty.

In describing the sequence of events, defendant testified: that as she drew near Hardesty, the light was red, she stopped in the north lane behind two other cars, the light changed to green, the two cars ahead of her went on east, while she stopped near the center of the intersection and gave a left-turn hand signal. She said she waited until the westbound traffic cleared and then observed a truck standing in the center facing her, that the truck driver motioned her to proceed, that as she moved to the left by the truck, she looked east down the two extreme north lanes on Truman Road and saw plaintiff's vehicle about a half block to the east and in the middle lane, that she proceeded slowly to make her turn, but that plaintiff veered from the middle lane to the north lane and that the front half of her car was out of the intersection and half was in the north lane when the front end of plaintiff's car struck the rear right half of her Chevrolet on the side.

Plaintiff's version was that he was traveling west on Truman Road in the extreme right hand lane at about 30 miles per hour, that he saw Mrs. Cain's car when he was "40, maybe 45 feet" from the intersection and it had "just entered into my lane when I first saw her car", "that he applied his brakes but skidded right down the lane and had an impact with her car". He estimated his speed at "thirty * * * maybe twenty-five" when he first applied his brakes and 10 miles per hour at impact.

Corporal Manfred Gunther of the City Accident Investigation Unit found skid marks 20 feet in length made by plaintiff's vehicle. These right wheel tire marks ended three feet south of the north edge of Truman Road and since the rear one-half of defendant's car was struck, this indicates that her car was nearly half north of Truman Road at the time of collision.

The verdict was for defendant on plaintiff's petition and for defendant on her counterclaim for property damage in the sum of Forty Dollars. Plaintiff has appealed, alleging error in the giving of defendant's Instruction #7, and errors in the argument. We set out the text of Instruction #7:

"The Court instructs the jury that if you find and believe from the evidence that as defendant drove her automobile into the intersection in question there was a truck stopped in the inside or south lane for westbound traffic on Truman Road, and that defendant stopped her automobile in the middle of the intersection in front of that truck facing in a northerly direction and at that time plaintiff was approaching in the center lane for westbound traffic and about one half block from the intersection and that plaintiff saw or in the exercise of the highest degree of care could have seen defendant's automobile start forward to go north on Hardesty at a speed of from five to ten miles per hour, and that plaintiff thereafter negligently veered his car from the center lane into the outside or north lane of traffic and into collision with the right rear half of defendant's automobile, and that the plaintiff was thereby negligent, and that any such negligence directly caused or directly contributed to cause the collision, then your verdict must be for defendant on plaintiff's claim for damages.

"And if you further find and believe from the credible evidence that at the time and place in question defendant was not negligent as submitted in these instructions and that defendant's automobile was damaged in said collision, then you must return a verdict in favor of defendant on her counterclaim".

Appellant on appeal says this instruction does not hypothesize sufficient facts upon which to base a finding of negligence.

Appellant cites three cases in support, namely: Lillard v. Bradford, 241 Mo.App. 538, 243 S.W.2d 359; State ex rel. Grisham et al. v. Allen et al., 344 Mo. 66, 124 S.W.2d 1080, and Smith v. Wallace et al., 343 Mo. 1, 119 S.W.2d 813.

■ In the Lillard case the instruction was ruled bad because it authorized a verdict against defendant for failure to stop before entering the intersection regardless of where plaintiff's truck was at the time. The Grisham case was on the humanitarian doctrine, and Smith v. Wallace was an action in ejectment. The instruction in neither case hypothesized the pleaded and proved facts. Our instruction # 7 locates the vehicles, and authorizes a verdict if the jury finding accorded with defendant's testimony. We believe and hold that the instruction sufficiently hypothesized defendant's theory and evidence as to how the accident occurred, which if subscribed to by the jury, authorized a verdict.

■ In his argument to the jury defendant's counsel said that if he had been hurt in an automobile accident and couldn't work at his job, "I would bring in my boss. Of course, the boss might not be a friend of mine, but on the other hand, the boss would know whether or not I could do my * * *

"MR. RANDOLPH: Well, now Your Honor, that is objected to. Such a witness is equally available to both parties.

"THE COURT: Objection overruled.

"MR. SANDERS: But here we have no one. No one coming in to say that this man is hurt from their own personal observation except himself".

Plaintiff asserts that such comment was improper and says the adverse ruling to his objection constitutes reversible error. This court exhaustively discussed this question in Adam Hat Stores, Inc. v. Kansas City, Mo.App., 307 S.W.2d 36, 41, 42. It was there ruled generally: (1) No inference may be drawn and no unfavorable comment may be made by counsel on account of the nonproduction of a witness whose testimony is equally available, but (2) "Available" does not mean accessible for service of compulsory proceeds but depends upon such matters as the party's superior means of knowledge as of the existence and identity of the witness, the relationship borne by the witness to the particular party as would reasonably be expected to make it natural to expect him to favor one party against the other; (3) It is a well established general rule that an employee is not equally available to the opposing party and in such an instance failure to call is properly subject to comment. Then the Adam Hat opinion holds that two city employees were not equally available and the fact was properly subjected to comment. In our case counsel made two comments, one, failure to call any witness with personal knowledge of plaintiff's alleged injuries, and second, failure to call the "Boss" to give testimony as to plaintiff's ability to work or as to his injuries. We hold under all these facts that the trial court correctly ruled the comment permissible and such ruling does not, we think, amount to reversible error.

■■ Appellant's third and last assignment of error is that the court erred in "allowing defendant to argue that plaintiff fabricated a lawsuit". Defendant's counsel in his argument pointed out that plaintiff saw his lawyer the day after the accident but did not see a doctor until 15 days after; that he traded his car immediately after the collision, that he wanted money to pay for the new car and that he was not hurt. The trial court overruled objections to these comments. We believe the facts recited as to the dates of the car trade, seeing the lawyer and later a doctor, are supported by the evidence. Counsel in argument is allowed wide latitude in drawing conclusions. In Glore v. Bone et al., Mo., 324 S.W.2d 633, 637, the Supreme Court said:

"The time factor upon which the argument was based was before the

jury and counsel is allowed a wide latitude in discussing the facts and arguing inferences from the evidence even though the inferences drawn are illogical or erroneous".

We rule this point against appellant.

No other assignments of error have been presented. We find no reversible error. Therefore, the judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.