**Roger ANTHONY, Respondent,**

v.

**Kenneth JENNINGS, Appellant.**

No. 23750.

Kansas City Court of Appeals.

Missouri.

June 3, 1963.

Allebach & Ross, J. F. Allebach, Robert L. Ross, Albany, for appellant.

Fred Kling, Albany, for respondent.

MAUGHMER, Commissioner.

T-intersection collision. Verdict for defendant. The trial court found error in the contributory negligence instruction and awarded a new trial. Defendant has appealed.

Route O is a graveled state highway in Gentry County, Missouri, running east and west. Its traveled part is approximately 20 feet in width. It is intersected from the north at the top of a hill by another gravel road designated as Route F. This is a T-intersection as Route F does not extend beyond its junction with Route O. There was testimony that the hilltop at the intersection was flat and fell off sharply to both east and west. There was no definite testimony as to (a) how far a driver of an automobile in Route O at the intersection could see to the east and (b) how far the driver of the vehicle proceeding west on Route O could see an automobile in the intersection. All of the evidence was that it would have been impossible to see the roadway over the brow of the intersection hill until the top of the hill was reached.

At about 5:00 p. m. on April 20, 1961, plaintiff, Roger Anthony, alone in his 1958 Ford sedan, was driving east on Route O and planned to turn north and left onto Route F. At the same time defendant Kenneth Jennings was driving a 1952 Ford coach in a westerly direction on Route O and approaching the intersection. It had rained and the roadway was wet.

Plaintiff said that as he approached the intersection he turned on his left signal lights, "pulled up to the intersection and came to just about a complete halt and as I got past the center line of F and turned north, I was headed north when I saw the Jennings's car out of the corner of my eye". He then speeded up, but the front of defendant's automobile struck the right rear half of plaintiff's automobile.

The defendant said he approached the intersection at a speed of "between 45 and 55 miles per hour"; that he did not see plaintiff's vehicle until "briefly before the collision"; that the front end of plaintiff's car was in the north lane and the back end in the south lane of Route O and headed north. Defendant, after the accident, conducted an experiment and said that in making a left turn north on Route O "I reached a place where I could not have seen a car coming up that hill".

Both parties were familiar with the highway and the intersection. Sheriff Bowman of Gentry County investigated the accident. He found that plaintiff's automobile came to rest headed northwest and defendant's "almost in the center of what would be Route F, heading north, with the rear part partially in Route O." He found debris on the north portion of Route O. There were no skid marks indicating application of brakes by either vehicle. Sheriff Bowman said defendant had estimated his speed at 55 miles per hour. The front end of defendant's car struck plaintiff's at the front door post on its right side.

Plaintiff submitted (Instruction No. 1) on defendant's failure to keep his automobile under proper control and failure to keep a careful and vigilant lookout. Defendant offered and the court gave his contributory negligence Instruction No. A, which we set out in full:

"The Court instructs the jury that it is the law of Missouri that the driver of an automobile within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction, which is within the intersection or so close thereto as to constitute an immediate hazard.

"The Court therefore instructs the jury that if you find and believe from the evidence that at the time of the collision mentioned in evidence plaintiff, Robert Anthony, was operating his vehicle in an easterly direction on Route O and defendant, Kenneth Jennings, was operating his vehicle in a westerly direction on said Route O, and if you further find and believe plaintiff, Roger Anthony, commenced a left turn into Route F by crossing the center of said Route O when defendant, Kenneth Jennings, was so close to said intersection as to constitute an immediate hazard and plaintiff thereby failed to yield the right of way to defendant, Kenneth Jennings, if you so find, then the Court instructs the jury that plaintiff, Roger Anthony, was negligent in the operation of his automobile, and if you further find that the negligence, if any, of plaintiff, Roger Anthony, directly caused or contributed to cause any injuries to his person or damage to his automobile, then the Court instructs you that plaintiff, Roger Anthony, cannot recover from defendant and your verdict will be for the defendant, Kenneth Jennings".

The jury returned a verdict for defendant. Thereafter the court sustained plaintiff's motion for new trial "on the grounds that defendant's Instruction 'A' is erroneous and prejudicial error". On his appeal, defendant asserts, first, it was not prejudicially erroneous to give Instruction A, and second, defendant's motion for directed verdict at the close of all the evidence should have been sustained as the evidence establishes plaintiff's contributory negligence as a matter of law. Section 304.021(3), V.A.M.S. provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersec-

tion or so close thereto as to constitute an immediate hazard."

It was by reason of this statute that defendant offered and the court gave Instruction A.

In Carpenter v. Kessner, Mo.App., 330 S.W.2d 270, 273–274, this court considered the circumstances under which a left-turning motorist should be ruled guilty of contributory negligence as a matter of law so as to authorize a directed verdict against him. In that case the collision occurred at the intersection of 47th Street and J. C. Nichols Parkway in Kansas City. Plaintiff was proceeding east on 47th Street and turned left and north. It was a foggy day and the pavement was wet. Plaintiff said that as he commenced his turn he saw defendant about 100 feet away. He thought he had sufficient time to make the turn. When defendant was about 20 feet away plaintiff realized a collision was imminent and speeded up but the front end of defendant's car struck the right rear fender of plaintiff's vehicle. Section 304.021(3) supra, as to left turns was invoked. The court directed a verdict for defendant. This court reversed and held the contributory negligence question was for the jury, saying, in part:

"The evidence is that appellant was within the intersection and had proceeded to the center of it while respondent was still a considerable distance east of the intersection. This leaves the question, 'was respondent so close thereto as to constitute an immediate hazard?' If so, appellant had the statutory duty to yield the right of way to respondent, and, ordinarily, a a failure to do so would be a failure to exercise the highest degree of care as required by law of the driver of a motor vehicle and would make appellant guilty of contributory negligence. If reasonable minds could not differ on this question then it becomes a matter of law for the court to decide but if reasonable minds could differ

on it then it becomes a matter for the jury to decide under proper instructions by the court.

\* \* \* \* \* \*

"A fair reading of all appellant's testimony and its favorable inferences concerning respondent's speed would not preclude the conclusion that he did not then know the exact speed at which respondent was approaching but thought it was such that he had enough time to safely make his left turn.

\* \* \* \* \* \*

"Additionally, appellant's evidence does not compel a finding that he knew or should have known respondent didn't see him until approximately the time of impact, and would not permit him to complete a turn he began while respondent was still some 80 feet east of the intersection. One about to make a turn usually has the right to act upon appearances and unless there is a reasonable indication to the contrary, to assume that the driver of the other approaching vehicle will not act negligently and will operate his vehicle in a prudent and lawful manner. (citing cases)".

We rule that the court did not err in denying defendant's motion for a directed verdict. The issue of contributory negligence in this case is one for the jury under proper instructions. Was Instruction A such a proper instruction?

As stated in Lincoln v. Railway Express Agency, Inc. et al., Mo., 359 S.W.2d 759, 765:

"It has been frequently stated that traffic regulations are not unyielding and inflexible and are not to be applied rigidly, absolutely and peremptorily without regard to circumstances or conditions, Wines v. Goodyear Tire & Rubber Co., Mo.App., 246 S.W.2d 525, MacArthur v. Gendron, Mo.App., 312 S.W.2d 146, and that the duties there-

by imposed may be qualified by circumstances, Nelms v. Bright, Mo.Sup., 299 S.W.2d 483, such as considerations of safety, Lix v. Gastian, Mo.App., 287 S.W.2d 354, emergency conditions, Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541, Filkins v. Snavely, 359 Mo. 356, 221 S.W.2d 736, or impossibility. Politte v. Miller, supra [Mo.App., 301 S.W.2d 839]. In such unusual circumstances deviation from the statutory standard will not be considered as negligence per se."

In the Lincoln case the violation charged was that defendant negligently failed, when approaching the intersection to make a left turn, to drive in the lane nearest to the center as required by statute.

In Terrell v. McKnight, 360 Mo. 19, 226 S.W.2d 714, the trial court refused plaintiff's instruction that defendant's failure to signal his turning into plaintiff's lane, stopping on the highway without warning and failure to drive as far to the right as possible, amounted to negligence per se. The court, however, gave an instruction that if defendant did those things and *the jury found* they were reasonably likely to cause a collision, were not in the exercise of the highest degree of care and were negligent, then a verdict for plaintiff was authorized. The Supreme Court approved such rulings.

In Herr v. Ruprecht, Mo., 331 S.W.2d 642, 647, the court said:

"The defendant properly asserts that the proof of negligence cannot rest upon guesswork, speculation, or conjecture and that the mere fact of collision is not sufficient to establish defendant's negligence. Miller v. Wilson, Mo.App., 288 S.W. 997, 999; Bates v. Brown Shoe Co., 342 Mo. 411, 116 S.W.2d 31, 33; Fritz & Groh v. St. Louis, I. M. & S. R. Co., 243 Mo. 62, 148 S.W. 74, 79. However, the fact that a collision occurred and the manner of its happening are evidentiary facts which must be taken into consideration in determining the sufficiency of the evidence, especial-

ly in this type of case where the essential question is whether the plaintiff's vehicle was 'approaching so closely on the through highway as to constitute an immediate hazard' and whether the defendant knew or should have known of such danger."

And 331 S.W.2d on page 652, Judge Storckman in his concurring opinion points out that:

"Mere abstract statements of legal propositions do not make proper instructions, and an instruction authorizing the jury to return a verdict for a party must require the finding of all essential fact issues necessary to establish the legal proposition on which the right to the verdict is based.

\* \* \* \* \* \*

"Under the statute it is only where the hazard is created by the closeness or proximity of the approaching automobile on the through highway that the defendant is required to yield the right of way."

See also Edwards v. St. Louis Public Service Co. et al., Mo., 365 S.W.2d 483, 486.

In our case the undisputed evidence is that plaintiff entered the intersection, came almost to a stop and proceeded to make his left turn at slow speed. Based upon his testimony, situs of the debris, location of the cars at rest and the parts of each vehicle which came in contact, plaintiff's car was partly or nearly out of the intersection when hit. Defendant, by his own admission to Sheriff Bowman, was at all times traveling at approximately 55 miles per hour and therefore many times faster than was plaintiff. Neither driver saw the other car until just before the collision. The record contains no evidence as to how far to the east plaintiff, commencing his turn, could have seen defendant's car approaching from the east. The physical facts and the admitted speeds of each vehicle indicate that defendant must have been some distance to the east when plaintiff commenced his left turn.

Under the evidence we can only guess, and the jury could only guess, as to the location of defendant's vehicle when plaintiff turned north. We can only guess, and the jury could only guess, as to what plaintiff might have seen if he had been able to see 500 feet to the east, and if he had looked. It is possible defendant was far enough away for plaintiff, in the exercise of due care, to commence his turn. If he had seen defendant some distance away, he might, in the exercise of the highest degree of care, have reasonably assumed defendant saw him and would reduce his speed. It seems apparent by hindsight that if defendant had reduced his speed even slightly, instead of continuing on at 55 miles per hour, plaintiff would have passed safely out of Route O.

Again by hindsight, it is now a demonstrated fact that there was danger of collision if plaintiff, under the circumstances then existing, turned left. The fact that a collision did occur is proof of the existing danger. But it is not proof that plaintiff knew, or in the exercise of the highest degree of care should have known, that defendant was "so close as to constitute an immediate hazard".

Failure to yield as directed by Section 304.021 (3), supra, does not in every instance amount per se to negligence or failure to exercise the highest degree of care, so as to tax such an operator with responsibility for every resultant accident. Each case depends upon its own facts. The evidence may in some cases require a directed verdict. In others, it is a question for the jury. It is best if an instruction hypothesizes the pertinent facts where such facts are in evidence. At the least it must permit and require the jury to decide if the actions complained of amounted to negligence and failure to exercise the highest degree of care. To instruct a jury that if the motorist turns left and is struck by an oncoming car, then he is negligent and liable is, in effect, directing a verdict. We believe that in this case the evidence and the instruction permit the jury to guess and speculate.

Defendant urges that Garrison v. Ryno et al., Mo., 328 S.W.2d 557, and MacArthur v. Gendron, Mo.App., 312 S.W.2d 146, approve Instruction A as given here. In the Garrison case defendant allegedly entered an arterial highway without stopping and failed to look ahead and laterally before entering, and failed to yield the right of way. The instruction told the jury that if it found defendant ran the stop sign, failed to look ahead and laterally and failed to yield the right of way and *if the jury found* that such amounted to negligence, as defined in other instructions, their verdict should be for plaintiff and against defendant. It will be noted this instruction posed some of the facts to the jury, and *required the jury to decide* if such conduct and such violations of the rules of the road enactments, amounted to negligence. It did not bluntly tell the jury that such conduct was negligence and require a verdict against defendant.

The MacArthur case more strongly supports appellant's position. In fact his instruction A is a copy of the one given in that case. The MacArthur appeal came up on an abbreviated transcript and under an agreement "that evidence was introduced at the trial tending to prove the allegations of petition and answer, the instructions, and the objection to Instruction 3". We believe the case may be distinguished from ours and quote from the opinion:

"If plaintiff's criticism is valid No. 3 cannot stand because traffic regulations imposed by statute are not unyielding and inflexible. 60 C.J.S. Motor Vehicles § 271. They are not to be applied rigidly, absolutely and peremptorily without regard to the circumstances or conditions. Wines v. Goodyear Tire & Rubber Co., supra, and cases cited. The duties imposed by the statutory rules of the road may be qualified by the circumstances. Nelms v. Bright, Mo. Sup., 299 S.W.2d 483. Under the circumstances of a particular case there may be a valid excuse for failing to comply with a statutory rule of the

road, as where nonobservance of the statute is induced by considerations of safety, Lix v. Gastian, Mo.App., 261 S. W.2d 497, or emergency conditions, Lewis v. Zagata, 350 Mo. 446, 116 S.W. 2d 541; Filkins v. Snavely, 359 Mo. 356, 221 S.W.2d 736, or where compliance is impossible, as in the case where *knowledge, actual or constructive, of the immediate approach of an emergency vehicle comes too late to yield the right of way* under an emergency statute". (Italics ours).

We cannot agree with defendant's assertion that the instruction in Lay v. McGrane, Mo., 331 S.W.2d 592, 599 "is in practically the same language as Instruction A in this case". In that case there was evidence that both arrived at the intersection at about the same time. The instruction reads: " * * * if you find * * * that the automobile of defendant Hays entered said intersection first or that both of said automobiles arrived at said intersection at approximately the same time, then it was the duty of defendant McGrane to yield the right of way to the automobile of defendant Hays, *and if you find that defendant McGrane failed so to do, you may find him negligent.* * * *". (Italics ours). By this instruction the jury was permitted to find negligence but the court did not declare defendant was negligent.

The Springfield Court of Appeals (Lillard v. Bradford, 241 Mo.App. 538, 243 S. W.2d 359, 366) summarized the issue this way:

"Thus the law is that there must be circumstances which would bring to the mind of the driver of the car approaching from the right that there was danger ahead before there would be a duty to stop or to slacken his speed.

"We hold plaintiff's instruction numbered I was erroneous in that it authorized a verdict against defendant for failure to stop before entering the intersection, regardless of where plaintiff's truck was at the time or any other

conditions which would lead defendant to believe that a collision would occur if he did not stop."

We are not persuaded by the MacArthur and other cases urged upon us by appellant to approve Instruction A under this evidence or as a correct application of the law. It is possible that at a retrial some additional evidence will be adduced, particularly as to how far east plaintiff could have seen and how far defendant's car must have traveled going 55 miles per hour while plaintiff was moving from "almost stopped" to the point of impact.

We rule that the trial court did not err in overruling defendant's motion for directed verdict or in granting a new trial.

The order granting a new trial is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.